UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANCE HARNDEN,
*et al.*,

        Plaintiffs,

v.

CROSWELL-LEXINGTON
COMMUNITY SCHOOLS, *et al.*,

        Defendants.
_____/

Case No. 2:15-cv-12738
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT WESTERN'S MOTION TO DISMISS (DE 8)

**I.   RECOMMENDATION**:  The Court should grant in part and deny in part Defendant Ken Western's motion to dismiss because the claims of the adult Plaintiffs in this action are barred by the statute of limitations.

**II.   REPORT**

    **A.   Background**

The caption of the complaint identifies the Plaintiffs as Robert Lance Harnden and Pamela Suzanne Harnden, "individually and on behalf of their then-minor children" (Robert Lance Harnden II, Darren Jonathan Harnden, Nathan David Harnden, and Sara Marie Harnden).  It was ostensibly filed by both Lance

and Pamela Harnden on August 5, 2015, bringing claims of kidnapping, civil rights violations, and gross negligence.  (DE 1.)  They are proceeding without the assistance of counsel.  In their complaint, Plaintiffs allege that Defendants, Crosswell-Lexington Community Schools, Kevin Miller, Julie Western, and City of Croswell Police Officer Ken Western improperly questioned their children at school and removed the children from their family home in Michigan without following the proper procedures, which amounted to kidnapping. They ask the Court to award damages of $2,500,000 for the parents and $1,500,000 for each of the four children returned to their home.  (DE 1 at 13.) Throughout the complaint, first person plural pronouns are used, (*e.g.*, "we" and "our"); however the sole signatory on the cover page, at the end of the pleading, and on the Civil Cover Sheet is Pamela Harnden.  (DE 1 at 1, 14, and 15.)  As a preliminary matter, Pamela Harnden's execution of the Complaint on behalf of other parties, would appear to be at least an inadvertent violation of Rule 11.[1]

---

[1] Federal Rule of Civil Procedure 11 provides that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also Arnold v. Heyns*, No. 13-CV-14137, 2014 WL 7184546, at *5 (E.D. Mich. Dec. 16, 2014) (warning the *pro se* plaintiffs that filing a pleading without each plaintiffs' personal signature "would be a violation of Rule 11 and could result in sanctions, including monetary sanctions, an unfavorable ruling on the motion or pleading at issue, or even dismissal of their claims.").

**B.     The Instant Motion**

Defendant Ken Western filed a motion for summary judgment on September 2, 2015.  (DE 8.)  Defendant Western asserts that he is entitled to a grant of summary judgment on two bases.  First, he notes that Plaintiff Pamela Harnden improperly filed this suit on behalf of Robert Lance Harnden and her minor children in violation of 28 U.S.C. § 1654.  Second, he asserts that the sole claim pleaded against him in Plaintiffs' complaint is barred by the applicable statute of limitations.

Plaintiffs oppose the motion.  (DE 13 and 15.)  In their two otherwise identical responses, they first ask the Court to "instruct as to the further action required" with respect to their violation of 28 U.S.C. § 1654.  (DE 13 , ¶ 4, DE 16, ¶ 4.)  They indicate that, if permitted, they would amend the complaint to include signatures from the adult plaintiffs or "remove all named plaintiffs other than the signer with the reserved right for all others to file on their own behalf in the future."  (Id.)  Next, they assert that Defendant Western is guilty of kidnapping their children, for which there is no criminal statute of limitations.  Plaintiffs reason that the lack of a *criminal* statute of limitations indicates the lack of a corresponding *civil* statute of limitations.

Defendant Western filed a reply on September 29, 2015. (DE 17.) He takes issue with Plaintiffs' conflation of the criminal and civil statutes of limitations and again asserts that he is entitled to judgment as a matter of law.

Plaintiffs filed an unsolicited sur-reply on October 7, 2015, signed by both Pamela and Robert Harnden, in which they re-assert that there is no statute of limitations for kidnapping. (DE 20.) Although the brief was filed in violation of Eastern District of Michigan Local Rule 7.1(d)(1)(A), I will consider the brief in this instance, but Plaintiffs are cautioned that future filings that violate the Local Rules may be stricken.[2]

### C. Standard

Although Defendant Western styles his motion as one under Federal Rule of Civil Procedure 56, it is more appropriately brought pursuant to Rule 12(b)(6). *See Reid v. Baker*, 499 F.App'x 520, 524 (6th Cir. 2012) ("A defendant may raise a statute of limitations defense in the context of a Rule 12(b)(6) motion to dismiss."). This motion was filed in lieu of an answer and does not rely on any documents or testimony outside of the pleadings. Accordingly, I will construe the motion as one to dismiss pursuant to Rule 12(b)(6).

---

[2] Plaintiffs are also directed to Magistrate Judge Patti's Practice guidelines, which provide that "[a]dditional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules." *Motion Practice Guideline*, available at
https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### D. Discussion

#### 1. **Plaintiff's *Pro Se* Filing on Behalf of Other Individuals**

Only Plaintiff Pamela Harnden signed the complaint in this action, as a *pro se* litigant, in an attempt to bring this case on behalf of her husband (Robert Lance Harnden) and their "then minor children" Robert Lance Harnden II, Darren

5

Johnathan Harnden, Nathan David Harnden, and Sara Marie Harnden. However, as Defendant Western points out, parties in federal court "may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. The statute "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Likewise, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* The reason for such a prohibition is to "'protect[] the rights of those before the court' by preventing ill-equipped laypersons from squandering the rights of the party he purports to represent." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).[3]

---

[3] Plaintiffs cite to *O'Donnell v. Brown*, 335 F.Supp. 2d 787 (W.D. Mich. 2004) and note that the *O'Donnell* parents were permitted to represent the interests of their minor children as plaintiffs in that action. However, the *O'Donnell* plaintiffs were represented by counsel and were not, as here, attempting to appear *pro se* on behalf of others. (*See Id.* at 797.) Plaintiffs are instead directed to Mich. Comp. Laws. § 600.916, which provides that only a licensed lawyer who is authorized to practice in the State of Michigan may "represent or designate himself or herself as an attorney." Appearing on behalf of another person in court without a law license may be construed as the unauthorized practice of law. *See, e.g., Matter of Bright*, 171 B.R. 799, 802 (Bankr. E.D. Mich. 1994) (Michigan Courts have found that "filing completed documents with the court, and personally advising clients as to proper testimony is the practice of law and, thus, when performed by a non-attorney constitutes the unauthorized practice of law.").

Accordingly, it was improper for Pamela Harnden to bring this action *pro se* on behalf of her husband and minor children.  It is unclear from the complaint's caption whether any of the children have reached the age of majority, as it refers only to the Harnden's "then minor" children.  (DE 1 at 1.)  However, within the pleading, Plaintiffs list the ages of their children as of October 20, 2008:  Nicole S. Harnden was 13, Sara Marie Harnden was 7, Robert Lance Harnden II was 15, and Darren Jonathan Harnden was 13.  (DE 1 at 5.)  Assuming the accuracy of the complaint on this point, Nicole S. Harnden is approximately 20, Sara Marie Harnden is approximately 14, Robert Lance Harnden is approximately 22, and Darren Jonathan Harnden is approximately 20.  Accordingly, the only remaining minor in this action would be Sara Marie Harnden.  Plaintiffs' ages will necessarily factor into my analysis of the applicable statute of limitations, because of the potential impact of Michigan's tolling statute.

### 2.     Statute of Limitations

As a preliminary matter, Plaintiffs do not specify in their complaint that this action is brought pursuant to 42 U.S.C. § 1983.  However, the causes of action raised in the complaint involve the deprivation of rights, privileges, and immunities secured by the Constitution and laws, and such an action is properly brought pursuant to § 1983.  *See* 42 U.S.C. § 1983.  For example, Plaintiffs allege "that the very nature of the act of kidnapping violates [our] rights under the Fourth

Amendment of the United States Constitution." (DE 1 at 6.) In addition, they note that the actions of Defendant Western violated the Fourth, Fifth, and Sixth Amendment rights of Robert Lance Harnden II ("Robert II"). (Id. at 4.) Accordingly, I will construe this action as one brought pursuant to § 1983.[4]

> Defendant Western is mentioned only once in Plaintiff's complaint:
>
> Sometime between November 6 and 24, 2008 School allowed Saint Clair County foster/juvenile justice worker Sara Meddaugh and an unknown worker to give Robert II legal advice for the charges he was facing . . . .
>
>> School liaison Officer Ken Western removed Robert II from his class in front of his peers and escorted him to the office like a criminal. Standard procedure is the office staff will call the teacher on the phone and ask for the student to come to the office, which allows privacy to the student. This breach of protocol caused great humiliation and social issues for Robert II and also violates his Fourth Amendment right to privacy, his Fifth Amendment right to due process and his Sixth Amendment right to have a lawyer.

(DE 1 at 4.) Although Plaintiffs do not mention a specific date on which Defendant Western allegedly removed Robert Lance Harnden II ("Robert II") from his classroom, it is apparent from the organization of the complaint that Plaintiffs

---

[4] Because Plaintiff asserts a kidnapping claim against Defendant Western, I will only consider the statute of limitations pursuant to § 1983 (and not Plaintiff's state-law claim of gross negligence) for the purposes of deciding the instant motion. However, even Plaintiff's gross negligence claim is likely barred by the statute of limitations. *See* Mich. Comp. Laws § 600.5805(10); *Bestway Recycling, Inc. v. Bean*, No. 239440, 2003 WL 211 86596, at *2 (Mich. Ct. App. May 20, 2003) ("The period of limitations is three years for an action alleging gross negligence.").

were describing events that occurred between November 6 and November 24, 2008. (Id.) Moreover, Plaintiffs do not contest that the events occurred in 2008, but instead argue that Defendant Western criminally kidnapped Robert II, a crime for which there is no statute of limitations. In their complaint, they point to 18 U.S.C. § 1201 and Mich. Comp. Laws § 750.349, presumably to convince the Court that Defendants are liable under the federal and state kidnapping statutes.

Plaintiffs' argument that the Court should use the criminal statute of limitations in this civil case is unavailing. Neither 18 U.S.C. § 1201 nor Mich. Comp. Laws § 750.349 confer an express or implied private right of action. *Brown v. Walsh*, No. 12-10535, 2013 WL 173025, at *5 (E.D. Mich. Jan. 16, 2013) (specifically holding that there is no private right of action under 18 U.S.C. § 1201 or Mich. Comp. Laws 750.347); *see also, generally, Diamond v. Charles*, 476 U.S. 54, 65 (1986) (holding that private citizens cannot compel enforcement of criminal laws). As such, Plaintiffs have no standing to bring a civil case under these statutes. Likewise, they are not entitled to substitute these criminal statutes' limitations periods in their civil case, brought pursuant to §1983.[5]

---

[5] If Plaintiffs actually intended to bring a claim for civil false imprisonment, the statute of limitations for such an action is only two years. Mich. Comp. Laws § 600.5805(2); *see also Mack v. Howell*, 14 F.3d 601, 601 (6th Cir. 1993). Similarly, if their allegation of Defendant Western causing "great humiliation" (DE 1 at 4) is meant to be a common law claim for intentional infliction of emotional distress, the limitations period for such an action is three years under Michigan's residual statute for personal injury actions. Mich. Comp. Laws § 600.5805(10);

Instead, as Defendant Western argues, state statutes of limitations apply to determine the tolling of claims asserted under 42 U.S.C. § 1983. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). Specifically, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996). Here, the complaint clearly alleges that any injury caused by Defendant Western occurred, at the latest, on November 24, 2008. (DE 1 at 4; *see also* DE 13 at 5, identifying October 21, 2008 as the date of the alleged kidnapping.) Plaintiff filed this lawsuit nearly seven years later, on August 5, 2015. As a result, Plaintiff's claims against Defendant Western were filed outside of any applicable statute of limitations period.

---

*see also Nelson v. Ho*, 222 Mich. App. 74, 85 ("Claims of intentional infliction of emotional distress must be brought within three years after they accrue in order to avoid the limitation bar.").

10

However, Defendant Western does not address the impact of Michigan's tolling statute on the claims asserted here. The statute provides that individuals who are under 18 years of age at the time the claim accrues "shall have 1 year after the disability is removed . . . to make the entry or bring the action although the period of limitations has run." Mich. Comp. Laws § 600.5851. Here, it appears from the complaint that three of the Harnden's four children are aged 20 and older, and therefore would not be helped by the tolling statute. (DE 1 at 5.) However, Sara Marie Harnden remains a minor.

Although it was improper for either Pamela or Robert Harnden to attempt to file this suit as *pro se* litigants on behalf of their children, it would also be improper for the Court to grant Defendant Western's motion in its entirety because one of the named Plaintiffs remains a minor. The aim of the prohibition against *pro se* representation is to protect the rights of those before the Court. *See Zanecki*, 576 F. App'x at 595. In similar cases, rather than dismissing such an action outright, district courts have given *pro se* plaintiffs additional time in which to obtain counsel to represent minor children. *Shepard,* 313 F.3d at 966; *see also Beard ex rel. Ford v. Hawkins*, No. 14-12464, 2015 WL 3915877, at *4 (E.D. Mich. June 25, 2015) (collecting cases in which the court gave *pro se* plaintiffs attempting to file on behalf of another individual additional time to obtain counsel and declining to dismiss for lack of standing).

### D. Conclusion

For the above-stated reasons, I recommend that the Court **GRANT IN PART** Defendant Western's motion with respect to the claims of adult Plaintiffs Pamela Suzanne Harnden, Robert Lance Harnden, Robert Lance Harnden II, Darren Jonathan Harnden, and Nathan David Harnden, and dismiss their claims against Defendant Western with prejudice. I further recommend that the Court **DENY IN PART** Defendant Western's motion with respect to the claims of minor Plaintiff Sara Marie Harnden and allow Pamela Harnden, the only signatory to the complaint, sixty days in which to retain counsel to represent her minor child or to voluntarily dismiss this action for refiling when Sara Marie Harnden is able to represent herself. If neither option is exercised within 60 days, Sara Harnden's case should be dismissed without prejudice.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated: March 14, 2016        s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 14, 2016, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager for the
                             Honorable Anthony P. Patti