UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANCE HARNDEN, et al.,

       Plaintiffs,

                                  Case No. 15-cv-12738

v.

                                  HON. MARK A. GOLDSMITH

CROSWELL-LEXINGTON
COMMUNITY SCHOOLS, et al.

       Defendants.
_____/

**ORDER (1) ACCEPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED MARCH 14, 2016 (Dkt. 22), AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT WESTERN'S MOTION TO DISMISS (Dkt. 8)**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Anthony P. Patti, issued on March 14, 2016 (Dkt. 22). In the R&R, the Magistrate Judge recommends granting in part and denying in part Defendant Ken Western's motion to dismiss (Dkt. 8).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v.

<u>Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, <u>see</u> Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation in part.

Accordingly, the Court grants in part and denies in part Defendant Western's motion to dismiss (Dkt. 8). The claims of adult Plaintiffs Pamela Suzanne Harnden, Robert Lance Harnden, Robert Lance Harnden II, Darren Jonathan Harnden, and Nathan David Harnden against Defendant Western are dismissed with prejudice. With respect to the claims of minor Plaintiff Sara Marie Harnden, Defendant Western's motion is denied. The Court will allow Pamela Harnden, the only signatory to the complaint, 30 days in which to retain counsel to represent her minor child or to voluntarily dismiss this action for refiling when Sara Marie Harnden is able to represent herself. If neither option is exercised within 30 days, Sara Harnden's case will be dismissed without prejudice.

SO ORDERED.

Dated: April 4, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2016.

                                              s/Karri Sandusky
                                              Case Manager