UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANCE HARNDEN,
*et al.*,

        Plaintiffs,

v.

CROSWELL-LEXINGTON
COMMUNITY SCHOOLS, *et al.*,

        Defendants.
_____/

Case No. 2:15-cv-12738
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DE 11)

**I.    RECOMMENDATION**:  The Court should grant Croswell-Lexington Community Schools, Dr. Kevin Miller, and superintendent Julie Western's (collectively, the "School Defendants") motion to dismiss.  This action should be dismissed with prejudice as to the adult Plaintiffs and without prejudice as to the minor Plaintiff, Sara Marie Harnden.

**II.    REPORT**

    **A.    Background**

The caption of the complaint identifies the Plaintiffs as Robert Lance Harnden and Pamela Suzanne Harnden, "individually and on behalf of their then-

minor children" (Robert Lance Harnden II, Darren Jonathan Harnden, Nathan David Harnden, and Sara Marie Harnden). It was ostensibly filed by both Lance and Pamela Harnden on August 5, 2015, bringing claims of kidnapping, civil rights violations, and gross negligence. (DE 1.) They are proceeding without the assistance of counsel. In their complaint, Plaintiffs allege that the School Defendants inappropriately complied with Child Protective Service ("CPS") workers by restricting their children's movement, and thereby kidnapping the children. Plaintiffs assert that the investigation led to the eight children living with the Harndens being removed from their Michigan home without following the proper procedures. Four of the eight children (the named Plaintiffs in this action) were later returned to the Harnden's home.

Plaintiffs ask the Court to award damages of $2,500,000 for the parents and $1,500,000 for each of the four children returned to their home. (DE 1 at 13.) Throughout the complaint, first person plural pronouns are used, (*e.g.*, "we" and "our"); however the sole signatory on the cover page, at the end of the pleading, and on the Civil Cover Sheet is Pamela Harnden. (DE 1 at 1, 14, and 15.)[1]

---

[1] This issue is addressed in my Report and Recommendation dated March 14, 2016 (DE 22), in which I conclude that Pamela Harnden improperly filed her complaint *pro se* on behalf of her family members, in violation of Federal Rule of Civil Procedure 11, Mich. Comp. Laws § 600.916, and 28 U.S.C. § 1654. In addition to the other reasons for recommending dismissal which are discussed herein, this too constitutes a basis for dismissal of all but Pamela Harnden's own claims; however, regardless of who pleaded these claims and on whose behalf they were pleaded,

B.     **The Instant Motion**

The School Defendants filed their motion to dismiss on September 9, 2015. (DE 11.) They assert that Plaintiff's complaint should be dismissed for three reasons. First, they contend that Plaintiff's action is barred by the applicable three year statutes of limitations for actions brought pursuant to 42 U.S.C. § 1983 and for gross negligence actions in the State of Michigan. Second, they argue that since they could not have violated Plaintiffs' rights by complying with a CPS investigation in accordance with Michigan law, Plaintiffs have therefore failed to state a claim upon which relief can be granted. Finally, the School Defendants assert that they are entitled to immunity for their alleged actions in this case.

Plaintiffs oppose the motion. (DE 14 and 16.)[2] In their responses, they argue that their claims are not barred by any statute of limitations because the crime of kidnapping has no limitations period. Further, they argue that the School Defendants were not required to comply with the CPS investigation. Finally, Plaintiffs assert that the School Defendants were grossly negligent, and therefore are not entitled to immunity.

---

they are barred for the reasons discussed *infra*, and it would be futile to afford the adult plaintiffs an opportunity to each refile these claims on behalf of themselves or to do so through counsel.

[2] Plaintiffs filed two identical responses to the motion, one signed by both Pamela and Robert Harnden (DE 16), the other signed by Pamela Harnden only (DE 14).

3

The School Defendants filed a reply on September 30, 2015. (DE 18.) They assert that the kidnapping statute upon which Plaintiff relies is a criminal statute, and is thus irrelevant to the applicable statute of limitations in this civil matter.

Plaintiffs filed an unsolicited sur-reply on October 7, 2015, in which they reiterate that there is no statute of limitations for kidnapping. (DE 19.) The brief was filed in violation of Eastern District of Michigan Local Rule 7.1(d)(1)(A), as well as my practice guidelines, which state that "[a]dditional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules." *Motion Practice Guideline*, available at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51. Accordingly, by separate order, Plaintiffs' sur-reply brief has been stricken from the record and was not considered for the purposes of deciding this motion. (DE 25.)

The only non-School Defendant, police officer Ken Western, filed a motion to dismiss on September 2, 2015. (DE 8.) On March 14, 2016, I entered a report and recommendation that Defendant Ken Western's motion to dismiss be granted in part and denied in part. (DE 22.) Specifically, I concluded that the adult Plaintiffs' claims were barred by the applicable statutes of limitations, while the minor Plaintiff's claims could be saved by Michigan's infancy saving statute. A

4

review of Plaintiffs' complaint revealed the following approximate ages of the Harnden children: Nicole S. Harnden is approximately 20, Sara Marie Harnden is approximately 14, Robert Lance Harnden is approximately 22, and Darren Jonathan Harnden is approximately 20. Accordingly, the only remaining minor in this action is Sara Marie Harnden. As to Sara Marie Harnden's claims, I concluded that she be given additional time in which to obtain counsel or to dismiss her claims voluntarily to bring them at an appropriate time in the future.

In the instant report, in light of new briefing which focused the Court's attention on the Michigan infancy saving statute, I instead conclude that while all of the adult parties' claims still should be dismissed with prejudice, Sara Harnden's claims should simply be dismissed at this time without prejudice to refiling between her 18th and 19th birthdays. In other words, I no longer conclude that she should be given additional time to obtain counsel at present, as she is not eligible to refile until she reaches her 18th birthday.

### C. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'"

6

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[3]

**D. <u>Discussion</u>**

    **1. The Limitations Periods Have Run on Plaintiffs' Claims**

As addressed above, the School Defendants assert that Plaintiffs' complaint should be dismissed because it is time-barred, because it fails to state a claim upon which relief can be granted, and because Defendants are protected by various immunities. Because I conclude that this action can be disposed of on the basis of the statute of limitations alone, I will not address Defendants' additional arguments.

    **a. Plaintiffs' Claims under 42 U.S.C. § 1983**

As best as the Court can discern, Plaintiff brings constitutional claims pursuant to 42 U.S.C. § 1983, as well as a state-law claim for gross negligence. As addressed in my report and recommendation dated March 14, 2016, Plaintiff does not specify in her complaint that this action is brought pursuant to 42 U.S.C. § 1983. (DE 22.) However, the causes of action raised in the complaint involve the deprivation of rights, privileges, and immunities secured by the Constitution and

---

[3] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

7

laws, and such an action is properly brought pursuant to § 1983. *See* 42 U.S.C. § 1983. For example, Plaintiff notes that it is her belief "that the very nature of the act of kidnapping violates [her] rights under the Fourth Amendment of the United States Constitution." (DE 1 at 6.) In addition, she notes that the actions of Defendants violate the Fourth, Fifth, and Sixth Amendment rights of her son. (Id. at 4.) Accordingly, the Court will construe this action as one brought pursuant to § 1983.

Plaintiffs' argument that the Court should use the criminal statute of limitations in this civil case is unavailing. Neither 18 U.S.C. § 1201 nor Mich. Comp. Laws § 750.349 confer an express or implied private right of action. *Brown v. Walsh*, No. 12-10535, 2013 WL 173025, at *5 (E.D. Mich. Jan. 16, 2013) (specifically holding that there is no private right of action under 18 U.S.C. § 1201 or Mich. Comp. Laws 750.349); *see also, generally, Diamond v. Charles*, 476 U.S. 54, 65 (1986) (holding that private citizens cannot compel enforcement of criminal laws). As such, Plaintiffs have no standing to bring a civil case under these statutes. Likewise, they are not entitled to substitute these criminal statutes' limitations periods in their civil case, brought pursuant to §1983.[4]

---

[4] If Plaintiffs actually intended to bring a claim for civil false imprisonment, which would appear to be the state tort claim most analogous to kidnapping, the statute of limitations for such an action is only two years. Mich. Comp. Laws § 600.5805(2); *see also Mack v. Howell*, 14 F.3d 601, 601 (6th Cir. 1993).

Instead, as the School Defendants argue, state statutes of limitations apply to determine the tolling [or accrual or saving] of claims asserted under 42 U.S.C. § 1983. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). Specifically, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996). Here, Plaintiffs' complaint describes events occurring from October 2008 through February 2010, and they filed their complaint over five years later, on August 5, 2015. Accordingly, Plaintiffs' claims brought pursuant to § 1983 are time-barred.

### b. Plaintiffs' Gross Negligence Claims

Plaintiffs also bring a claim for gross negligence, asserting that the "grossly negligent actions" of the School Defendants lead to their "children being kidnapped . . . ." (DE 1 at 13.) The statute of limitations period for gross negligence is also three years. Mich. Comp. Laws § 600.5805(10); *Searcy v. Cty.*

9

*of Oakland*, 735 F. Supp. 2d 759, 765 (E.D. Mich. 2010) ("Under Michigan law, the statute of limitations for . . . gross negligence is three years . . . .") (internal citations and quotations omitted).  With respect to either claim, Plaintiffs' action is time-barred.  Again, Plaintiff's complaint describes the School Defendants' actions as occurring from October 2008 through February 2010.  (DE 2.)  They filed their complaint on August 5, 2015, over five years after the latest possible date listed in their complaint, and thus their gross negligence claims are time-barred.

### 2. Plaintiff Sara Marie Harnden's Claims Are Subject to an Infancy Saving Provision

As addressed in my report and recommendation dated March 14, 2016, however, Michigan's so-called "tolling statute," or more accurately its infancy saving provision, impacts the claims of the only minor Plaintiff, Sara Marie Harnden.  (*See* DE 22 at 7 and 11.)  The statute provides that individuals who are under 18 years of age at the time the claim accrues "shall have 1 year after the disability is removed . . . to make the entry or bring the action although the period of limitations has run."  Mich. Comp. Laws § 600.5851.  Unlike a true tolling statute, which "interrupts the running of a statute of limitations" during the period of disability or infancy, *Black's Law Dictionary* (10th ed.) at 1716, the Michigan statute refers to it instead as a "year of grace," which occurs "although the period of limitations has run."  *See* Mich. Comp. Laws § 600.5851, sub. (1) and (5).  The phrase, "although the period of limitations has run" makes little sense unless the

limitations period has *continued to run* during the period of infancy, i.e., uninterrupted.

The School Defendants additionally and helpfully point to case law from the Michigan Court of Appeals indicating that § 5851 "does not expressly provide for the tolling of the general statute of limitations. Rather, it allows disabled plaintiffs additional, separate protection from the bar of the statute of limitations, protection that is independent of the running of the statute." *Honig v. Liddy*, 199 Mich. App. 1, 4 (1993). Put another way, § 5851 "does not toll the running of the statute of limitations, but instead exempts certain claims from the bar of the statute." *Id.* This is consistent with the harm that the statute was designed to remedy, namely, to prevent a minor's legal rights from being "lost at the discretion of someone to whom the claim does not belong," by making sure that the minor is not "denied the opportunity to act in his or her own interest *upon reaching the age of majority*." *Klida v. Braman*, 278 Mich. App. 60, 71-72 (2008) (emphasis added). Therefore, it is a *saving* provision, not a *tolling* provision. *See Lambert v. Calhoun*, 394 Mich. 179, 181 (1975); *Vance v. Henry Ford Health Sys.*, 272 Mich. App. 426, 432 (2006); *English v. Bousamra*, 9 F.Supp. 2d 803, 808 (W.D. Mich. 1998).[5]

---

[5] Although *Lambert* and *Honig* make clear that § 5851 is not a true tolling statute, but rather a saving provision, the Michigan appellate courts continue to make imprecise, casual reference to it as a tolling statute, thus perpetuating the ongoing confusion. *See, e.g., Klida* at 71. Our own court has occasionally done likewise. *See, e.g., Havard v. Puntuer*, 600 F. Supp. 2d 845, 856 (E.D. Mich. 2009)

11

As such, the School Defendants argue, minors can *only* bring their claims within three years of accrual (which was not done here) *or* within one year of the individual turning 18 (which has yet to occur here). This interpretation of the statute is consistent with the *Honig* court's reference to "either three years from the day of her injury or one year from the day her disability ended" as "alternatives." 199 Mich. App. at 3. Were it otherwise, a minor plaintiff's guardian and/or next friend could simply *ignore* the statutes of limitation throughout the entire period of the infancy, without consequence. If that were the Legislature's intent, a straightforward tolling provision would have made sense; whereas a saving provision or a "year of grace" alone would not.

The Michigan Supreme Court has not weighed in on this particular issue, and earlier, conflicting characterizations were expressly rejected by the court in *Honig*. 199 Mich. App. at 3.[6] Moreover, pursuant to the Michigan Court Rules, a

---

(concluding that a cause of action was tolled during the plaintiff's infancy). As the *Honig* court noted: "Some published opinions of this Court in which the issue we face was not raised have unfortunately referred to § 5851 as a provision 'which tolls the statute of limitations.' We believe that this generalization is incorrect; perhaps a more accurate description of § 5851 is found in the statute itself—a year of grace." 199 Mich. App. at 3-4 (internal citations omitted).

[6] Specifically, *Hawkins v. Justin*, 109 Mich. App. 743, 745 (1981) (noting that § 5851 is a provision "which tolls the statute of limitations.") and *Geisland v. Csutoras*, 78 Mich. App. 624, 629 (1977) (remanding where the plaintiff filed his case while still under a disability, but after the limitations period had run); *see also, Perreault v. Hostetler*, 884 F.2d 267, 270 (6th Cir. 1989) ("The Michigan tolling statute, MCLA § 600.5851(1), tolls the limitations period for persons disabled by

12

"panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court . . . ." M.C.R. § 7.215(J). All of the conflicting Court of Appeals cases were decided in 1989 or before, and *Honig* has neither been overruled by the Michigan Court of Appeals, nor reversed by the Michigan Supreme Court. *Honig* thus appears to be controlling, and Defendants' argument is consistent with its holding: Plaintiff Sara Marie Harnden's claim had to be filed *either* "within the three-year period of limitation *or* within one year after her disability [is] removed, [otherwise] her claim is barred." 199 Mich. App. at 4 (emphasis added). The earlier of these periods has come and gone, and the latter has yet to arrive. Her claims must therefore be dismissed without prejudice to her right to refile between her 18th and 19th birthdays. *See, Bolster v. Monroe Rd. Comm'rs,* 192 Mich. App. 394, 400 (1991) (the minors "may refile complaints if they do so before they become nineteen years of age"); *see also, Rosebrock v. Vondette*, 85 Mich. App. 416, 422-424 (1978)). As suggested by *Klida*, *supra.*, all is not lost if the adults who had the responsibility of asserting the minor's legal rights failed to do so in a timely manner. "[U]pon reaching the age of majority," the now legally competent

---

imprisonment at the time the claim accrued."); *Hardin v. Starub*, 490 U.S. 536, 542-43 (1989) (overturning the Sixth Circuit's decision to refuse to apply the tolling provision to § 1983 suits and finding it was not inconsistent with federal law or policy to apply a lengthy tolling period).

13

individual has the "opportunity to act in his or her own interest." 278 Mich. App. at 71-72

### E. Conclusion

Applying the foregoing authority, therefore, it appears that Sara Marie Harnden may only file her claim within one year of reaching the age of majority, but may not currently file a claim as an infant, because the statutes of limitations for her claims have already run. Accordingly, I recommend that the Court **GRANT** the School Defendants' motion and dismiss this action **WITH PREJUDICE** as to the adult Plaintiffs. With respect to the claims of minor Sara Marie Harnden, I recommend that the Court dismiss the action **WITHOUT PREJUDICE** to refiling when she has reached the age of majority and is able to assert the claims on her own.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**


Dated: April 11, 2016          s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 11, 2016, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti