UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. HARNDEN, et al.,

        Plaintiffs,

                                              Case No. 15-cv-12738

v.

                                              HON. MARK A. GOLDSMITH

CROSWELL-LEXINGTON
COMMUNITY SCHOOLS, et al.,

        Defendants.

_____/

**OPINION AND ORDER
OVERRULING PLAINTIFFS' OBJECTIONS (Dkts. 24, 27), ACCEPTING THE
MAGISTRATE JUDGE'S RECOMMENDATIONS (Dkts. 22, 26), AND GRANTING
DEFENDANTS' MOTIONS TO DISMISS (Dkts. 8, 11)**

Plaintiffs Robert L. Harnden and Pamela S. Harnden initiated this action "individually and on behalf of their then minor children," asserting claims of kidnapping, civil rights violations, and gross negligence against Defendants Croswell-Lexington Community Schools, Kevin Miller, Julie Western, and Ken Western. Compl. at 1-2 (Dkt. 1). Defendants filed motions to dismiss (Dkts. 8, 11), which this Court referred to the magistrate judge for a report and recommendation ("R&R").

Magistrate Judge Anthony P. Patti has issued two R&Rs, each of which recommends that this Court grant Defendants' motions. Harnden v. Croswell-Lexington Cmty. Schs., No. 2:15-cv-12738, 2016 WL 1317942, at *1 (E.D. Mich. Mar. 14, 2016) (Dkt. 22); 4/11/2016 R&R at 1 (Dkt. 26). Plaintiffs filed objections to the R&Rs (Dkts. 24, 27), and only Defendants Croswell-Lexington Community Schools, Kevin Miller, and Julie Western filed a response (Dkt. 28).

1

For the reasons discussed fully below, the Court overrules Plaintiffs' objections, accepts the recommendations contained in the R&Rs, and grants Defendants' motions to dismiss.

## I. BACKGROUND

The factual and procedural background, along with the standard of decision and legal principles governing motions to dismiss, have been adequately set forth by the magistrate judge and need not be repeated here in full.  In brief summary,

> Plaintiffs allege that Defendants, Crosswell[sic]–Lexington Community Schools, Kevin Miller, Julie Western, and City of Croswell Police Officer Ken Western improperly questioned their children at school and removed the children from their family home in Michigan without following the proper procedures, which amounted to kidnapping.

Harnden, 2016 WL 1317942 at *1; see also 4/11/2016 R&R at 2 ("Plaintiffs allege that the School Defendants inappropriately complied with Child Protective Service ("CPS") workers by restricting their children's movement, and thereby kidnapping the children.  Plaintiffs assert that the investigation led to the eight children living with the Harndens being removed from their Michigan home without following the proper procedures.  Four of the eight children (the named Plaintiffs in this action) were later returned to the Harnden's home.").

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").  Any arguments made for the first time in objections to an R&R are deemed waived.  Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

2

### III.  ANALYSIS

#### A.  Pleading Problems

Plaintiffs Pamela Harnden and Robert Harnden, proceeding pro se, filed their complaint "individually and on behalf of their then minor children," Robert L. Harnden II, Darren Jonathan Harnden, Nathan David Harnden, and S.H.  Compl. at 1.  At the outset, the magistrate judge noted numerous problems with Plaintiffs' complaint: (i) plaintiffs appearing pro se cannot represent the interests of others; (ii) parents cannot appear pro se on behalf of their minor children; (iii) three of the four "minor" Plaintiffs are actually adults; and (iv) only Pamela Harnden signed the complaint.  See Harnden, 2016 WL 1317942, at *1-*3.

Plaintiffs do not appear to directly challenge any of these conclusions.  Rather, Plaintiffs contend that they submitted a response dated September 16, 2015 (and filed September 22, 2015), inquiring into "how to properly proceed in response to Defendant Western's motion for summary judgment[.]"  4/5/2016 Pls. Objs. at 2 (Dkt. 24); see also Pls. Resp. (Dkt. 13).[1]  In that response, Plaintiffs stated that, "if permitted by the court, Plaintiffs would request to amend the filing to include Robert L. Harnden and Robert L. Harnden II to the signing page or to remove all named plaintiffs other than the signer with the reserved right for all others to file on their own behalf in the future.  Plaintiff [Pamela Harnden] requests the instruction of the court regarding this matter and will proceed accordingly."  Pls. Resp. at 2.  Plaintiffs now argue that, because they were "never ordered nor advised by the Court" to amend the complaint, this Court should "disregard this subject matter when considering all objections."  4/5/2016 Pls. Objs. at 3.

While courts are required to construe a pro se litigant's pleadings liberally and apply "less stringent standards than formal pleadings drafted by lawyers" in determining whether the

---

[1] On September 17, 2015, the magistrate judge issued an order directing Plaintiffs to "file a response to [Defendants' motions] on or before October 19, 2015."  9/17/2015 Order (Dkt. 12).

3

litigant has stated a claim for relief, Estelle v. Gamble, 429 U.S. 97, 106 (1976), such "lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). For instance, the Court is under no obligation to provide general legal advice to pro se litigants. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); see also McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984) ("A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course."). Requiring courts to provide pro se litigants with substantive legal advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004).

Instructing Plaintiffs on whether and how to amend their complaint under Federal Rule of Civil Procedure 15 falls within the realm of substantive legal instruction the Court is unable to provide. Such a decision rests with Plaintiffs themselves, and their pro se status does not excuse them from adhering to the requirements of the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). Therefore, Plaintiffs' objection to the magistrate judge not ordering or advising Plaintiffs to amend the complaint lacks merit and is overruled.

### B. No Private Right of Action for Kidnapping[2]

The magistrate judge concluded that the Federal Kidnapping Act, 18 U.S.C. § 1201, does not confer a private right of action, and, as such, Plaintiffs lacked standing to bring a civil claim

---

[2] Plaintiffs' objections to the R&Rs (Dkts. 24, 27) are virtually identical in substance. Accordingly, because Plaintiffs' third and fourth objections to the first R&R and their second and third objections to the second R&R all concern the issue whether Defendants are civilly liable under 18 U.S.C. § 1201, the Court will analyze these objections together.

under this criminal statute. Harnden, 2016 WL 1317942, at *3 (citing Brown v. Walsh, No. 12-10535, 2013 WL 173025, at *5 (E.D. Mich. Jan. 16, 2013)); 4/11/2016 R&R at 8 (same).

Plaintiffs challenge this conclusion. According to Plaintiffs, the "complaint was filed in the civil aspect of 18 U.S.C. § 1201 for kidnapping," 4/5/2016 Pls. Objs. at 3, and they argue that there is a private right of action under § 1201, see id. 6-8.

Upon de novo review, this Court agrees with the magistrate judge; there is no private right of action for purported violations of the Federal Kidnapping Act. See, e.g., Monroe v. McNairy Cnty., Tenn., 850 F. Supp. 2d 848, 876 (W.D. Tenn. Feb. 6, 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); Giano v. Martino, 673 F. Supp. 92, 95 (E.D.N.Y. 1987) ("[T]he Federal Kidnapping Act was never intended to confer rights on the victim of a kidnapping, and does not do so by its language."), aff'd, 853 F.2d 1429 (2d Cir. 1987) (Table).[3] The Court finds the substantial breadth of authority on this issue persuasive and declines Plaintiffs' invitation to "take a step into the unknown," 4/5/2016 Pls. Objs. at 7, and be,

---

[3] See also Milam v. Southaven Police Dep't, No. 15-cv-02029-SHL-dkv, 2015 WL 1637937, at *7 (W.D. Tenn. Apr. 13, 2015) ("[T]he federal kidnapping criminal statute cannot support a basis for subject matter jurisdiction in this civil action."); Fedorowicz v. Pearce, No. 2:14-cv-00578, 2015 WL 1345391, at *2 (D. Utah Mar. 23, 2015) (holding that "[i]t is a basic legal principle that civilians lack standing to prosecute claims under the federal criminal code," and dismissing the plaintiffs' federal kidnapping claim); Dyson v. Le'Chris Health Sys. Inc., No. 4:13-CV-224-BO, 2014 WL 271660, at *8 (E.D.N.C. Jan. 24, 2014) ("Section 1201 is a criminal statute with no private right of enforcement."); McCoy v. Carter, CV-13-00222-TUC-BPV, 2013 WL 6836606, at *6 (D. Ariz. Dec. 26, 2013) (Velasco, M.J.) (holding that the federal kidnapping statute does not provide a private right of action); Brown, 2013 WL 173025, at *5 (dismissing the plaintiff's federal and state kidnapping claims because "the statutes do not confer an express private right of action, and kidnapping statutes have been interpreted as providing no implied private right of action"); Jianjun Xie v. Oakland Unified Sch. Dist., No. C 12-02950, 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19, 2012) (dismissing claim brought under § 1201, among other claims, because there is no private right of action and statute does not provide a civil remedy); Blackhouse v. TLC Props., No. 10-385-B-W, 2010 WL 3780990, at *4 (D. Maine Sept. 21, 2010) ("Individuals cannot bring charges under the federal kidnapping statute."), adopted by 2010 WL 4320482 (D. Maine Oct. 26, 2010).

as it would appear, the first court to interpret the criminal statute as creating a private right of action.[4] Therefore, Plaintiffs' objections on this issue lack merit and are overruled.

### C. Adult Plaintiffs' Federal and State Claims are Barred by the Applicable Statute of Limitations[5]

With no private right of action under § 1201, the magistrate judge properly interpreted Plaintiffs' complaint as raising federal claims brought pursuant to § 1983. See Harnden, 2016 WL 1317942, at *3; 4/11/2016 R&R at 7-8. Because there are no "magic words" a plaintiff must use to state a claim, the Court must, instead, "examine the substance of a plaintiff's allegations" in the complaint. Stevens v. Saint Elizabeth Med. Ctr., Inc., 533 F. App'x 624, 629 (6th Cir. 2013). Section 1983 provides a private right of action against persons acting under the color of state law for the deprivation of federally protected rights. 42 U.S.C. § 1983; Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Although the substance of the complaint surrounds allegations of kidnapping, Plaintiffs' complaint contains explicit allegations that the kidnapping violated Plaintiffs' federally protected rights under the Constitution. See Compl. at 4 (stating

---

[4] Plaintiffs also argue that the district court in Brown v. Walsh, No. 12-10535, 2013 WL 173025 (E.D. Mich. Jan. 16, 2013), "did not 'specifically' hold" that there is no private right of action under the Federal Kidnapping Act, because the plaintiff in Brown "did not have any compelling evidences [sic] or circumstances to include kidnapping in his list of grievances." 4/5/2016 Pls. Objs. at 6. Plaintiffs' interpretation of Brown is patently incorrect. Whether or not a statute creates a private right of action in the first place does not depend upon the particular facts of the plaintiff's case or whether the plaintiff has compelling evidence. And there is no indication in Brown that the court's decision turned on the facts of that case or the strength of that plaintiff's claim. Rather, the court correctly held that both the federal and state criminal kidnapping statutes "do not confer an express private right of action, and kidnapping statutes have been interpreted as providing no implied right of action." 2013 WL 173025, at *5. That reason alone warranted dismissal of the plaintiff's civil claim that the defendant kidnapped him.

[5] Plaintiffs' first, fifth, and sixth objections to the first R&R concern the existence and/or the application of the statute of limitations. The same is true for Plaintiffs' first, fourth, fifth, and seventh objections to the second R&R. Accordingly, the Court will analyze these objections together.

that Defendant Western's actions violated Plaintiff Robert Harnden II's "Fourth Amendment right to privacy, his Fifth Amendment right to due process and his Sixth Amendment right to have a lawyer."); see also id. at 6 ("[T]he very nature of the act of kidnapping violates our rights under the Fourth Amendment of the United States Constitution."). Because Plaintiffs' complaint clearly and unambiguously alleges that Defendants, who are all state actors, violated federally protected rights secured by the Constitution, the magistrate judge correctly held that the federal claims should be analyzed for purposes of the statute of limitations as if brought under § 1983.

In recommending that this Court grant Defendants' motions to dismiss, the magistrate judge then concluded that the adult Plaintiffs' federal and state claims were barred by the applicable statute of limitations. See Harnden, 2016 WL 1317942, at *4; 4/11/2016 R&R at 9-10. For Plaintiffs' § 1983 claims, the magistrate judge borrowed Michigan's three-year limitations period for personal injury claims. See Harnden, 2016 WL 1317942, at *4 (citing Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986)); 4/11/2016 R&R at 9 (same). The magistrate judge also applied a three-year limitations period to Plaintiffs' state-law claims for gross negligence. See 4/11/2016 R&R at 9-10 (citing Mich. Comp. Laws § 600.5805(10); Searcy v. Cnty. of Oakland, 735 F. Supp. 2d 759, 765 (E.D. Mich. 2010)).

Regarding each Defendant in particular, the magistrate judge found that Plaintiffs' claims against Defendant Ken Western began to run on November 24, 2008 — the latest date that any injury caused by Western to Plaintiff Harden II could have occurred. Harnden, 2016 WL 1317942, at *4. Because Plaintiffs did not file their complaint until almost seven years later, the magistrate judge held that the claims against Western were barred by any applicable statute of limitations period. Id. The magistrate judge also noted that the events described in the complaint regarding the other Defendants occurred between October 2008 and February 2010.

See 4/11/2016 R&R at 9-10. Because Plaintiffs' complaint was filed over five years later, the magistrate judge held that those claims were also time-barred. Id.

Plaintiffs raise two challenges to the magistrate judge's recommendation that this Court dismiss the federal and state claims based on the applicable statute of limitations. First, based only on their own assumption, Plaintiffs contend that "there is no limitations civilly" for claims of kidnapping, because there is no statute of limitations for kidnapping in the criminal context. 4/5/2016 Pls. Objs. at 2; see also 4/26/2016 Pls. Objs. at 4 (Dkt. 27).[6] However, as discussed supra, there is no private right of action under the Federal Kidnapping Act. Therefore, any argument suggesting the nonexistence of a statute of limitations for civil claims of kidnapping under § 1201 is clearly without merit.

Second, Plaintiffs' objections do not appear to take issue with the length of the statute-of-limitations period for either the § 1983 claims or the gross negligence claims, but, rather, challenge the date that the statute of limitations began to run. According to Plaintiffs, they "were barred from the filing of [their] complaint until all criminal avenues failed," having "been advised by multiple attorneys that a civil matter cannot be brought while a criminal investigation is open as it has the potential to compromise the evidence in the criminal aspect." 4/5/2016 Pls. Objs. at 10; 4/26/2016 Pls. Objs. at 3. Plaintiffs further state, without any authority, that "time stops when criminal investigations are ongoing, and is consistent with legal advice from

---

[6] Plaintiffs' claim that there is no statute of limitations for kidnapping in the federal criminal context is only partially correct. Certain federal crimes, like kidnapping under § 1201, do not include their own limitations period. In such situations, the residual limitations periods of the criminal code (found in 18 U.S.C. §§ 3281 and 3282) apply to those crimes. On the one hand, § 3281 provides that "[a]n indictment for any offense punishable by death may be found at any time without limitation." On the other hand, § 3282 provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such offense shall have been committed." Thus, for a non-capital kidnapping charge, there would generally be a five-year statute of limitations.

Michigan attorneys." 4/5/2016 Pls. Objs. at 11; 4/26/2016 Pls. Objs. at 9. Because they claim that any criminal investigation concluded on November 12, 2014, Plaintiffs contend that their complaint was timely filed. 4/5/2016 Pls. Objs. at 9-11; 4/26/2016 Pls. Objs. at 2-3, 7-9.

Because these arguments were raised for the first time in Plaintiffs' objections to the R&Rs, they are deemed waived. See Uduko, 975 F. Supp. 2d at 757. Nevertheless, even on the merits, Plaintiffs' arguments are unavailing.

"While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law." Bowden v. City of Franklin, Ky., 13 F. App'x 266, 272-273 (6th Cir. 2001). "In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action," the latter of which the plaintiff "should have discovered . . . through the exercise of reasonable diligence." Id. at 273.

Plaintiffs do not contend that they did not know or have reason to know of the injuries their children sustained at the time of the alleged kidnapping. Rather, Plaintiffs' quote from a portion of a Florida statute, which states that "[t]he running of the limitations period is tolled during the time that any criminal investigation or prosecution is pending in connection with the act, omission, or other allegation of misconduct." 4/5/2016 Pls. Objs. at 10-11 (quoting Fla. Stat. 112.532(6)(a)(2)). However, Plaintiffs do not argue that the Florida statute applies in this case, that a similar tolling statute exists in Michigan, provide any other authority suggesting that a pending criminal investigation would bar the filing of a civil action related to the criminal matter, or that such matters could not have proceeded simultaneously. See Sec. & Exch. Comm'n v. Dresser Indus., 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("In the absence of substantial prejudice to the rights of the parties involved, [ ] parallel [criminal and civil] proceedings are unobjectionable

9

under our jurisprudence."); F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) ("It is clear that nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings."). And as Defendants correctly point out in their response, see Defs. Resp. at 2 (Dkt. 28), the Michigan Court of Appeals has held that a pending criminal matter does not toll the time to file a civil action. See Attorney Gen. v. Harkins, 669 N.W.2d 296, 302 (Mich. Ct. App. 2003); cf. Runions v. Auto-Owners Ins. Co., 495 N.W.2d 166, 168 (Mich. Ct. App. 1992).

Therefore, Plaintiffs' objections lack merit and are overruled.

### D. Michigan's Infancy Saving Provision

In his second R&R, the magistrate judge held that minor Plaintiff S.H.'s claims are subject to Michigan's infancy saving provision found in Mich. Comp. Laws § 600.5851. See generally 4/11/2016 R&R at 10-14. The relevant portion of the statute provides that, if an individual is "under 18 years of age . . . at the time the claim accrues, the person . . . shall have 1 year after the disability is removed . . . to make the entry or bring the action although the period of limitations has run." Mich. Comp. Laws § 600.5851(1). Put another way, if a minor is under 18 years of age when the claim accrues, she must file her claim within either "'the three-year period of limitation or within one year after her disability is removed, otherwise her claim is barred.'" 4/11/2016 R&R at 13 (quoting Honig v. Liddy, 500 N.W.2d 745, 746 (Mich. Ct. App. 1993)). Because Plaintiffs cannot appear pro se on behalf of their daughter S.H., S.H. is under the age of 18, and the three-year limitations period has already run, the magistrate judge recommended dismissing S.H.'s claims without prejudice in order for her to re-file any claims between her 18th and 19th birthdays. Id.

Plaintiffs do not object to this conclusion. Rather, they contend that the infancy saving provision should also apply to Plaintiff Nathan Harnden's claims. 4/26/2016 Pls. Objs. at 8. According to Plaintiffs, Nathan was born on November 19, 1996, and he was 18 years old when this case was originally filed on August 5, 2015. Id.

At the time the complaint was originally filed, the infancy saving provision would have likely applied to Nathan's claims. Pursuant to Mich. Comp. Laws § 600.5851(1), Nathan had until November 19, 2015 to file his claims. Because the complaint in this case was filed on August 5, 2015, at first blush, it would appear as though Nathan timely filed his claims. However, as noted above, this action was filed by Nathan's pro se parents who improperly sought to represent Nathan's interests. See 18 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" (emphasis added)); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (section 1654 "does not permit plaintiffs to appear pro se where interests other than their own are at stake"). Plaintiffs never claim that Nathan is or has ever been representing himself in this action, and, even if he was, Nathan did not sign the complaint. See Fed. R. Civ. P 11(a) (requiring that every pleading "must be signed by . . . a party personally if the party is unrepresented").[7] As such, Nathan is not a party to this action. Allen v. Nat'l R.R. Passenger Corp., No. Civ. A. 03-CV-3497, 2004 WL 2830629, at *4 (E.D. Pa. Dec. 7, 2004) (holding, in part, that pro se plaintiffs who did not sign the complaint in compliance with Rule 11 "were not parties to the original complaint"). Thus,

---

[7] Even after the issue concerning the lack of signatures was raised by Defendant Western in his motion to dismiss, Plaintiffs' subsequent submissions have only included the signatures of Nathan's parents. See 4/5/2016 Pls. Objs. at 3 (noting that "all subsequent documents were signed by both Robert & Pamela Harnden"). Also, in their response to Western's motion, Plaintiffs only suggest the possibility of amending their complaint to include the signatures of Plaintiff Robert Harnden and Plaintiff Robert Harnden II. Pls. Resp. at 2 (Dkt. 13). This further suggests that Nathan has never sought to represent his own interests in this case.

Nathan has not timely filed his claims and those claims are now barred by the statute of limitations.

Therefore, Plaintiffs' objection lacks merit and is overruled.

## IV. CONCLUSION

For the reasons stated above, the Court overrules Plaintiffs' objections (Dkts. 24, 27), accepts the magistrate judge's reports and recommendations (Dkts. 22, 26), and grants Defendants' motions to dismiss (Dkts. 8, 11). The Court dismisses the claims of Plaintiffs Pamela Harnden, Robert Harnden, Robert Harnden II, Darren Harnden, and Nathan Harnden with prejudice. The claims of Plaintiff S.H. are dismissed without prejudice. A separate judgment shall be entered.

SO ORDERED.

Dated: May 11, 2016          s/Mark A. Goldsmith
     Detroit, Michigan         MARK A. GOLDSMITH
                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2016.

                                      s/Karri Sandusky
                                      Case Manager